IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

EVANS RUSS, JR.,                              *

    Plaintiff,                              *

        v.                                  *       1:11-CV-658-TMH
                                                          (WO)

JASON ARNETTE, *et al.*,                      *

    Defendants.                            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, challenges actions taken by law enforcement officers during his arrest in May 2011 on charges of assault and burglary.[1] Named as defendants are Jason Arnette, Jeremy Kendrick, Officer J. Bladen, Chief of Police, Officer J. Thomas, and Officer Peters. Plaintiff seeks declaratory and injunctive relief. Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Pursuant to the orders of the court, the captioned action is proceeding on the amended complaint filed by Plaintiff on August 23, 2011. (*See* Doc. Nos. 4, 5.)

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff complains that Defendants subjected him to an unlawful arrest and illegal seizure on May 13, 2011.  He maintains that Defendants conspired to effectuate his arrest, and that his arrest on burglary and assault charges occurred without any facts, evidence, investigation, or probable cause to support Defendants' conduct.  Plaintiff requests declaratory and injunctive relief. Specifically, Plaintiff asks that Defendants' actions be declared unconstitutional, that a full federal investigation into the conduct of Defendants be undertaken, that Defendants produce copies of Plaintiff's medical records, including a copy of the paramedic report, that the criminal records of Bruce Phillips be produced, and that the court order the statements of witnesses and co-defendants and order production of physical evidence.  (*Doc. No. 1*.)

*A. Illegal Arrest and Seizure*

The court understands Plaintiff to bring his claims pursuant to the Fourth and Fourteenth Amendments.  Plaintiff's challenges to the legality of his arrest and detention, however, are barred under the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 59 (1971), which establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. *Id.* at 44.  Abstention in favor of state judicial proceedings is required if the proceedings are ongoing,  implicate important state interests, afford an adequate opportunity to raise the federal questions, and  if the federal

relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 F.App'x 814, 816 (11th Cir. 2008) *(per curiam)*. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Younger*, 401 U.S. at 43; *see also Herrera v. Safir,* 17 F. App'x 41, 42 (2nd Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

A federal court could enjoin a pending state criminal proceeding only if "the danger of irreparable loss is both great and immediate," and only if "the threat to the plaintiff's federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 45–46 (internal citation and quotation marks omitted). To justify federal intervention, Plaintiff "must show manifest bad faith and injury that is great, immediate, irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and result in a deprivation of meaningful access to the state courts." *Allee v. Medrano,* 416 U.S. 802, 836 (1974).

In this case, Plaintiff has not alleged that the pending state court proceedings regarding the charges made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional claims. Further, Plaintiff has not

alleged any prosecutorial or judicial bad faith, nor is any bad faith apparent from the record. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff may vindicate his constitutional rights in the on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. Because *Younger* precludes the court from issuing an injunction against Plaintiff's pending state court trial proceedings, this court must abstain from considering the merits of Plaintiff's challenges to his alleged illegal and unlawful arrest and seizure. In light of the foregoing, dismissal of these claims claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as they are not cognizable in a 42 U.S.C. § 1983 action at this time.

*B. The Conspiracy Claim*

Plaintiff makes the specious allegation that Defendants conspired to subject him to an illegal arrest and unlawful seizure based on false and unsupported charges. Vague and conclusory allegations of conspiracy will not support a § 1983 claim. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Other than his self serving allegations, Plaintiff presents nothing to this court which indicates that Defendants entered into a conspiracy to bring false charges against him or subject him to a false arrest. The court, therefore, concludes that Plaintiff's bare allegations of a conspiracy are insufficient to support a claim

for relief under 42 U.S.C. § 1983. *Fullman*, 739 F.2d at 556-557.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's unlawful and illegal arrest and seizure claims be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's § 1983 conspiracy claim be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i); and

3.   This case be DISMISSED prior to service of process.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **September 15, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 30th day of August 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE